HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST PIPE COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THYSSENKRUPP STEEL USA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 3:13-CV-05342-RBL<br><br>ORDER DENYING DEFENDANT THYSSENKRUPP STEEL USA, LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER<br><br>(Dkt. #8) |

### I.  INTRODUCTION

This matter is before the Court on Defendant Thyssenkrupp Steel USA, LLC's motion to dismiss, or in the alternative, to transfer the case to the Southern District of Alabama. (Def.'s Mot. to Transfer, Dkt. #8.)  The motion is **DENIED**.

### II.  BACKGROUND

**A.  Nature of the Dispute**

In March 2012, Plaintiff, Northwest Pipe Company, sent a purchase order to Thyssenkrupp for ~2,200 tons of steel, which it intended to make into pipe. (*See* Compl. ¶ 10,

Dkt. #3.) Northwest Pipe alleges that the steel was faulty and brought this suit alleging breach of contract and damages of $1.9 million. (*Id.* ¶ 19–20.)

Northwest Pipe filed suit in Clark County, and Thyssenkrupp removed based on diversity under 28 U.S.C. § 1441(a). (*See* Not. of Removal, Dkt. # 1.) Thyssenkrupp now seeks to dismiss or transfer the case based on a jurisdictional-consent clause referenced by its order form, or in the alternative, because venue is inappropriate.

### B. The Parties' Contract

The parties dispute the inclusion of the venue terms in their contract. In a sort of battle-of-the forms, Northwest Pipe's purchase order was supposed to have a forum-selection clause on the back, but the back was mistakenly not scanned when transmitted—although the documents said the order was "governed by the terms and conditions on the reverse side." (Pl.'s Resp. at 6.)

On April 4, 2012, Thyssenkrupp responded to the purchase order with an order acknowledgement, directing the recipient to a website to view its terms and conditions. (It seems nobody actually uses a one-stop contract these days.) The terms on the Thyssenkrupp website state that the purchaser "irrevocably consents to the jurisdiction of [Alabama]." (Def.'s Mot. to Dismiss at 3.)

### C. Venue Contacts

Northwest Pipe argues that both parties had numerous contacts with Washington. Thyssenkrupp visited Vancouver on multiple occasions to solicit Northwest Pipe's business, and the purchase order and order acknowledgment were sent from and received in Washington. After Norwest Pipe discovered the alleged defects, representatives from Thyssenkrupp visited both the Adelanto, Caifornia facility and the Vancouver headquarters in an attempt to resolve the dispute.

### III. DISCUSSION

**A. Venue as Determined by the Parties' Terms and Conditions.**

Thyssenkrupp argues that the sale is governed by the terms and conditions it provided by reference on the order acknowledgment form—specifically that the "Governing Law; Jurisdiction" section "irrevocably" bound Northwest Pipe to "litigate matters arising out of this contract in the Southern District of Alabama." (Def.'s Reply at 2.)

The Court need not resolve the battle of forms: Thyssenkrupp's terms do not include a forum-selection clause; they include a jurisdictional-consent clause. Jurisdictional-consent clauses "authorize jurisdiction and venue in a designated forum, ***but do not prohibit litigation elsewhere***." 14D Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 3803.1 (3d ed. 2013) (entitled "Law Applicable—Forum Selection Clauses"). The Ninth Circuit has stated that the "prevailing rule is clear . . . , [w]hen only jurisdiction is specified, the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *see also Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77–78 (9th Cir. 1987); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956–57 (5th Cir. 1974); *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1231–32 (11th Cir. 1985).

Thyssenkrupp's clause states: "Purchaser irrevocably consents to the jurisdiction of either the Circuit Court of Mobile County, Alabama or the Federal District Court for the Southern District of Alabama." (Nimmer Decl., Ex. 3 at 2.) This clause does not mandate that all disputes be litigated in Alabama; rather, it forces Northwest Pipe to consent to jurisdiction—if it is sued there. It was not sued in Alabama. Thus, even if Thyssenkrupp's terms govern the dispute, the jurisdictional-consent clause does not require venue in the Southern District of Alabama.

**B. Defendant's Motion to Dismiss for Improper Venue**

Thyssenkrupp contends that even absent a forum-selection clause, venue is improper under 28 U.S.C § 1391(b) and 28 U.S.C. § 1406(a).

**1. Dismissal Under § 1391**

Section 1391 is inapplicable to determine whether venue is proper because this case was removed, and the venue for a removed action is governed by 28 U.S.C. § 1441(a). *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Supreme Court in *Polizzi* explained that because a removed action was not "brought" in federal court, but initiated in state court, § 1441 governs the venue of removed cases, not § 1391. *Polizzi*, 345 U.S. at 665–66. Thus, Thyssenkrupp's motion to dismiss under § 1391 is denied.

**2. Dismissal Under § 1406**

Section 1406(a) states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. In relevant terms, § 1406(a) is applicable only if the action was brought in the wrong division or district.

Here, the Western District of Washington is a proper district or division because Thyssenkrupp had significant contact within the district. They solicited business in person at Northwest Pipe's Vancouver location. They sent their order acknowledgment and invoices to Washington. They sent representatives to Washingotn to try to rectify Northwest Pipe's issues

with the steel.  Thyssenkrupp's contacts with the Western District of Washington are sufficient to make venue proper.  Defendant's motion to dismiss for improper venue is denied.

### C. Defendant's Motion to Transfer for Inconvenient Venue

Defendant contends that if the Court concludes that venue is proper in this district, that it should nevertheless transfer this action to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  This statute presupposes that the action has been brought in a proper venue but authorizes transfer to another district, also proper, but also more suited to the convenience of witnesses and the needs of justice. 28 U.S.C.A. § 1404, cmt. to 1996 amend.

There is no doubt that this action "might have been brought" in the Southern District of Alabama because it satisfies 28 U.S.C. § 1391(b).  Thyssenkrupp is a resident of the Southern District of Alabama, negotiated at least part of the contract from there, and manufactured the steel there.  Because the suit might have been brought in Alabama, the Court considers transfer on the grounds of convenience and in the interest of justice.  The Ninth Circuit has set forth eight factors in consideration of transfer:

    (1)    the location where the relevant agreements were negotiated and executed;
    (2)    the state that is most familiar with the governing law;
    (3)    plaintiff's choice of forum;
    (4)    the respective parties' contacts with the forum
    (5)    the contacts relating to the plaintiff's cause of action in the chosen forum;
    (6)    the differences in the cost of litigation in the two forums;
    (7)    the availability of compulsory process to compel attendance of unwilling non-party witnesses; and
    (8)    the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  The moving party has the burden of showing that the balance of convenience of the parties and witnesses and the interest of justice weighs heavily in favor of transfer to overcome the strong presumption in favor of the plaintiffs' choice of forum.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 255–56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

### 1. Location Where Relevant Agreements Were Negotiated and Executed

Thyssenkrupp solicited business from Northwest Pipe at their Vancouver, Washington location, and the purchase order for the material at issue was emailed from Washington.  However, Thyssenkrupp received the purchase order, and issued the order acknowledgement from Alabama.  Because the execution of this agreement occurred in both Washington and Alabama, this factor is neutral.

### 2. State Most Familiar with Governing Law

Similarly, this factor is neutral—Alabama and Washington law are virtually identical; both jurisdictions have adopted the Uniform Commercial Code.  *Compare* Wash. Rev. Code § 62A.1-101 *et seq.*, *with* Ala. Code § 7-1-101. *et seq*.  "When certain contacts involving a contract are located in two or more states with identical local law rules on the issue in question, the case will be treated for choice-of-law purposes as if these contacts were grouped in a single state."  Restatement (Second) of Conflict of Laws § 186 (1971).  This factor makes little difference as the law relevant to this dispute is indistinguishable in either state.

### 3. Plaintiff's Choice of Forum

While this factor weighs in favor of a plaintiff, *see Piper Aircraft*, 454 U.S. at 255–56, it is not dispositive in considering a motion to transfer.  *Jones*, 211 F.3d at 499 n.21; *see Stewart*,

487 U.S. at 31 (holding that a single factor determining transfer would defeat the congressional directive that multiple factors should determine transfer) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). Here, Northwest Pipe filed these claims in the Clark County Superior Court, and the case was removed to this venue. While this factor is not dispositive, it does weighs heavily in favor of denying Defendant's motion to transfer.

### 4. Respective Parties' Contacts with the Forums

Northwest Pipe has extensive contacts with the Western District of Washington, as their principle place of business is in Vancouver, Washington.

While Thyssenkrupp has fewer contacts with this venue, those contacts are still numerous. Thyssenkrupp traveled to Vancouver to solicit business from Northwest Pipe. It sent emails, invoices, and the order acknowledgement to Vancouver. In addition, Thyssenkrupp met with Northwest Pipe representatives to discuss the dispute at issue.

The contacts symmetrically reverse in Alabama. Thyssenkrupp's principle place of business is within the Southern District of Alabama, and it manufactured the steel at issue there. However, Northwest Pipe phoned and emailed Thyssenkrupp's Alabama location and sent its purchase order there.

This factor is again neutral.

### 5. Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

As discussed in the previous section, Thyssenkrupp solicited here and sent its representative here. The issue of the faulty steel, however, will likely require witnesses from both Alabama and California—the location of manufacture and discovery of the alleged faults. This factor would appear to weigh in favor or either California or Alabama evenly.

### 6. The Differences in the Cost of Litigation in the Two Forums

Thyssenkrupp does not suggest that Alabama would be a significantly less-costly forum. Thyssenkrupp's witnesses would conceivably come from Alabama, and Northwest Pipe's from either Washington or California. Transfer should not be allowed if the party requesting transfer is merely attempting to shift the inconvenience from one party to the other. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). *Decker* involved a situation where half the witnesses were located in the forum state and half were located in the transferee state. While this is not exactly the issue in this case, it is analogous—one party's witnesses would benefit from one forum, and the other party's witnesses from the other.

Because there is equal cost to transferring as maintaining jurisdiction, the factor weighs in favor of denying the transfer.

### 7. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

The Court is not aware of any non-party witnesses in this case, and therefore, this factor is neutral.

### 8. The Ease of Access to Sources of Proof

Both parties presumably have their records and documents located at their respective facilities in Washington and Alabama. The item at issue in this case is currently at the Northwest Pipe facility in Adelanto, California, not in either Washington or Alabama. Therefore, this factor is neutral.

## IV. CONCLUSION

The "Terms and Conditions of Sale" contained within the order acknowledgement constitute only a "jurisdictional consent" clause and not a "forum selection" clause, and therefore, there is no presumption that the Southern District of Alabama is the only proper venue

1 | for litigation of this matter.  Because the Western District of Washington is a proper venue
2 | defendant's motion to dismiss under rule 12(b)(3) and 28 U.S.C. § 1406(a) is **DENIED**.  In
3 | weighing the factors for transfer under 28 U.S.C. § 1404(a), the Court finds that Alabama is not a
4 | more convenient forum, and the interests of justice do not favor transfer.  In short, the Western
5 | District of Washington is as good a place as any suggested by the parties.  The Court therefore
6 | **DENIES** Defendant's Motion to Transfer (Dkt. #8).
7 |  DATED this 12th day of July, 2013

                                            _____
                                            Ronald B. Leighton
                                            United States District Judge